IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JUAN MARTINEZ,                                                                                   PLAINTIFF
ADC #151680

CASE NO. 1:17-CV-57-KGB-BD

BENNY MAGNESS, et al.                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

I. **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II. **Background**

Juan Martinez, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit without the help of a lawyer. (Docket entries #2, #13) In his original and first amended complaints, Mr. Martinez claimed that, during his incarceration, he was retaliated against and "extorted." (#13) Because his claims were not adequately supported with factual allegations, the Court gave Mr. Martinez a chance to submit a

second amended complaint, which he did. (#28) Mr. Martinez was permitted to proceed on his failure-to-protect claims against Defendants Amplo[1] and Mohr. (#30) The Court, however, recommended that his remaining claims be dismissed.[2]

Defendants Amplo and Mohr have now moved for summary judgment on Mr. Martinez's claims against them, arguing that he failed to fully exhaust his administrative remedies before filing this lawsuit. (#37) Mr. Martinez has responded to the motion, and it is ripe for decision. (#48)

## III. Discussion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed

---

[1] The Clerk is instructed to update the docket sheet to reflect the correct identity of Defendant Peter Amplo. (#35)

[2] That partial recommended disposition remains pending. (#31)

to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. For example, an inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. Because Mr. Martinez was in the ADC at the time the conduct at issue occurred, he was obligated to fully exhaust the ADC's grievance procedures. *Id.*

Defendants attach the declaration of Barbara Williams, the ADC inmate grievance supervisor, to their motion. (#37-2) Ms. Williams testifies that Mr. Martinez failed to fully exhaust any grievance identifying either Defendant Amplo or Mohr before filing this lawsuit. (*Id.* at p.5)

According to the undisputed evidence in the record, Mr. Martinez filed thirteen grievances prior to filing this lawsuit: EAM-17-00493, EAM-17-00796, EAM-17-00791[3], GR-17-00727, GR-17-00735, GR-17-00782, GR-17-00812, GR-17-00800, GR-17-00832, GR-17-00869, GR-17-00870, GR-17-00871, and GR-17-000851. (#37-3; #37-4; #37-5; #37-6; #37-7, #37-8; #37-9; #37-10; #37-11; #37-12; #37-13; #37-14; #37-15)

---

[3] In their motion, Defendants mistakenly identify this grievance as GR-17-00791. (#37-8)

The only grievance mentioning either Defendant Amplo or Defendant Mohr is grievance GR-17-0051. (#37-15)

In grievance GR-17-0051, Mr. Martinez complained that Defendant Amplo acted with "deliberate indifference to [his] safety" after he told Defendant Amplo that Defendant Mohr had labeled him a "snitch." (*Id*.) Mr. Martinez filed grievance GR-17-0051 on August 2, 2017, a week after he had filed this lawsuit on July 26, 2017. Obviously, Mr. Martinez could not have fully exhaust that grievance prior to filing this lawsuit.

In response to the Defendants' motion, Mr. Martinez argues that he attempted to exhaust his administrative remedies before filing this lawsuit, but ADC officers improperly rejected his grievances as untimely or duplicative. (#48) Mr. Martinez attaches grievance papers to his response to support this contention. According to those papers, on August 2, 2017, Mr. Martinez submitted a grievance complaining that Officer Downing had failed to place him in protective custody on that date. (#48 at p.7) In that grievance, Mr. Martinez also stated that he had experienced similar conduct since July 11, 2017, in violation of his constitutional rights. (*Id*.) That grievance was rejected as untimely. (*Id*. at p.8)

Although the Court is sensitive to Mr. Martinez's position, there is no evidence in this record to show that he ever attempted to fully exhaust claims against either Defendant Amplo or Defendant Mohr prior to August 2, 2017. Without such evidence, the Court cannot conclude that ADC officials prevented Mr. Martinez from using the ADC grievance procedure or that they made that procedure unavailable to him. Thus,

4

there is no genuine issue about exhaustion of administrative remedies as to claims against Defendants Amplo and Mohr; and they are entitled to judgment as a matter of law.

## IV. Conclusion

The Court recommends that the Defendants' motion for summary judgment (#37) be GRANTED. Mr. Martinez's claims against Defendants Amplo and Mohr should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 15th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE